## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| CITIGROUP MORTGAGE LOAN TRUST 2018-B, | § § § § § § § § § § § § § | CIVIL ACTION NO. 5:21-CV-00091-RWS-CMC |
| Plaintiff, | | |
| v. | | |
| BILL MELTON, | | |
| Defendant. | | |

## ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The November 10, 2021 Report and Recommendation of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Docket No. 12. On November 15, 2021, Defendant Bill Melton acknowledged receipt of the Report and Recommendation, but no objections were filed. *See* Docket No. 13. The Report and Recommendation advises that any party has 14 days after receipt of the Report in which to file written objections to the findings and recommendations of the Magistrate Judge. *See* Docket No. 12 at 9.

Because no objections to the Magistrate Judge's report have been filed, Plaintiff is barred from *de novo* review by the District Judge of those findings, conclusions and recommendations, and except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. 28 U.S.C § 636(b)(1)(C); *Douglass v. United Services Automobile Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Nonetheless, the Court has reviewed the pleadings and the Report and agrees with the Report. *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) ("[T]he statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sound discretion of the judge warrants.' ") (quoting *Mathews v. Weber*, 23 U.S. 261, 275 (1976)).  It is accordingly

**ORDERED** that Plaintiff's Motion for Default Judgment as to Defendant Bill Melton (Docket No. 7) is **GRANTED**.  It is further

**ORDERED** that an event of default has occurred on that certain Texas Home Equity Note ("Note") executed on or about August 30, 2004 by Decedent Dianna Melton and Defendant Bill Melton ("Borrowers"), in the principal amount of $90,400.00 originally payable to Ameriquest Mortgage Company. (hereinafter "Note").  It is further

**ORDERED** that the certain *Texas Home Equity Security Instrument* dated August 30, 2004 and executed by Borrowers and recorded as recorded in the official public records of Bowie County, Texas, under volume 4421, page 8, (hereafter "Security Instrument"), provides that Plaintiff as the current owner of the Note and mortgagee of the Security Instrument, in the event of a default on the obligations on the Note, with a first lien security interest on that certain real property commonly known as 706 E. 11th, Hooks, Texas 75561, and more particularly described as:

> All that certain tract or [parcel of land located in the Charles Lewis Headright Survey, Abstract No. 338, Bowie County, Texas and described by metes and bounds as follows:
>
> COMMENCING at the Northeast corenr of lot Numbered five in block numbered five of Wildwood Subdivision to the City of Hooks, Bowie County, Texas as shown by that certain Plat recorded in Volume 389, Page 425, Deed Records of Bowie County, Texas.
>
> THENCE East 50 feet to a point in the East boundary line of 11th street, being the POINT of Beginning
>
> Thence east 150 feet to a pointThence South 100 feet to a point
>
> Thence West 150 feet to a point in the East boundary line of 11th street
>
> Thence North with the East boundary of 11th street 100 feet to the point of beginning

(the "Property").

It is further

**ORDERED** that Plaintiff is the current holder and owner of the Note endorsed in blank and beneficiary of the Security Instrument.  It is further

**ORDERED** that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note; prejudgment interest at the Note interest rate of 9.750%; post-judgment interest at the Note interest rate of 9.750%; and costs of court.  It is further

**ORDERED** that Plaintiff or its successors or assigns, may proceed with non-judicial foreclosure on the Property as provided in the Security Instrument and section 51.002 of the Texas Property Code.  It is further

**ORDERED** that all foreclosure notices may be mailed to Bill Melton at 704 Cannon Street, New Boston, Texas 75570.  It is further

**ORDERED** that all costs are to be taxed against Defendant, not as a personal judgment but as a further obligation on the debt.

**So ORDERED and SIGNED this 8th day of December, 2021.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE